UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TYRONE SHARP, | ) | CASE NO. CV 14-8311 PA (RZ) |
| Petitioner, | ) | |
| vs. | ) | ORDER TO SHOW CAUSE RE UNTIMELINESS |
| ASHMALILI-GERST, Acting Judge, | ) | |
| Respondent. | ) | |

The Court issues this Order To Show Cause directed to Petitioner because the face of the petition suggests that the action may be time-barred.  (The petition includes two additional shortcomings, but because Petitioner almost certainly can cure them easily by amendment, they are not the subjects of this order.  The first of these further problems is that Petitioner has not signed the petition as the law requires.  28 U.S.C. § 2242; *see also* FED. R. CIV. P. 11(a) (requiring courts to strike unsigned pleadings if not corrected promptly after notice).  Second, Petitioner fails to name the proper Respondent, namely the warden or other person in charge of his place of confinement.  28 U.S.C. § 2242; Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426 (2004).)

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a portion of which established a one-year statute of limitations for bringing

a habeas corpus petition in federal court. 28 U.S.C. § 2244(d). In most cases, the limitations period commences on the date a petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1). The limitations period will start instead on one of the following dates, whichever is latest, if any of them falls after the petitioner's conviction becomes final: the date on which a State-created impediment – itself a violation of Constitutional law – was removed; the date on which a newly-recognized Constitutional right was established; or the date on which the factual predicate for the claims could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

The time spent in state court pursuing collateral relief in a timely manner is excluded, *see* 28 U.S.C. § 2244(d)(2), and the statute also is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 648 (2010).

Petitioner indicates that he signed the proof of service for the current petition on October 20, 2014. (As noted above, the petition itself is unsigned.) From the face of the petition and from judicially-noticeable materials, the Court discerns as follows:

(a) On March 28, 2007 in Los Angeles County Superior Court, Petitioner pleaded guilty to drug trafficking and apparently admitted that he had suffered a prior felony conviction. On August 24, 2007, he was sentenced to 20 years in prison. *See* Pet. ¶ 2. (The Court assumes that the criminal *judgment*, including the conviction and sentence, was entered on August 24, 2007.)

(b) Petitioner successfully sought to appeal, but the California Court of Appeal affirmed on June 24, 2008. *See People v. Sharp*, No. B203244, 2008 WL 2501878 (Cal.Ct.App. 2d Dist. 2008). Petitioner's direct review appears to have ended there. That court's docket reflects no petitions either (1) for further direct review in the California Supreme Court or (2) for *certiorari*. His conviction therefore became final after September 23, 2008, the day after the expiration of the United States Supreme Court's 90-day deadline for seeking *certiorari*. *See* SUP. CT. R. 13.1. Petitioner's one-year AEDPA limitations period began to run on that date.

1    (c)    One year passed. The limitations period appears to have expired after Thursday, September 24, 2009.

(d)    Nearly seven months passed. On April 16, 2010, Petitioner filed the first of a series of four unsuccessful (and non-hierarchical) state habeas petitions in the California Supreme Court and California Court of Appeal. *See* dockets in Cal. Supreme Ct. case nos. S181964 (filed Apr. 16, 2010 and denied Oct. 27, 2010), S219959 (filed July 16, 2014 and denied Sept. 24, 2014); Cal.Ct.App. case nos. B250096 (filed July 23, 2013 and denied July 30, 2013), B256497 (filed May 27, 2014 and denied June 6, 2014). The state supreme court denied the last of these petitions on September 24, 2014.

(e)    About four weeks later, Petitioner signed the current petition.

\* \* \* \* \*

Unless this Court has miscalculated or some form of additional tolling applies in sufficient measure, this action became stale after September 24, 2009, one year after Petitioner's conviction became final. His commencement of state habeas proceedings thereafter cannot rejuvenate his stale claims. *See Green v. White*, 223 F.3d 1001, 1003 (9th Cir. 2000).

This Court may raise *sua sponte* the question of the statute of limitations bar, so long as it gives Petitioner an opportunity to be heard on the matter. *Herbst v. Cook*, 260 F.3d 1039 (9th Cir. 2001). Accordingly, Petitioner shall show cause in writing why this action should not be dismissed as being barred by the one-year statute of limitations. Petitioner shall file his response to the Court's Order to Show Cause not later than 21 days from the filing date of this Order. If Petitioner does not file a response within the time allowed, the action may be dismissed for failure to timely file, and for failure to prosecute.

IT IS SO ORDERED.

DATED: October 28, 2014

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE